## SUPREME COURT.

DAVID THOMPSON, appellant agt. SUSANNAH YATES, respond-
ent.

An owner of a building who has in good faith paid the contractor in full, accord-
ing to the terms of his contract, for the erection of such building, is not liable
to sub-contractors, laborers or persons furnishing materials, who have filed the
necessary notices for the purpose of acquiring liens within the time required by
the act of 1854, but *after the contractor had been paid in full.*

*Albany General Term, September,* 1864.

*Before* PECKHAM, MILLER *and* INGALLS, *Justices.*

THIS was an appeal from a judgment rendered in the
county court of Rensseler county, in favor of the respond-
ent.   On the 18th day of September, 1862, the respondent,
Susannah Yates, entered into a contract in writing with
one Daniel Smith, by which said Smith agreed to construct
a house and furnish the materials therefor for said Yates,
at the sum of $1,700, *to be paid when called for, as the work
progressed.*   On the 22d of September, 1862, one Thomas
Courtney entered into an agreement in writing with said
Smith to do the carpenter work and furnish the materials
for said house ; Courtney acting for Thompson, the appel-
lant.   Mrs. Yates made payments from time to time to said
Smith, the contractor, as the work progressed, until the
17th of December, 1862, when she paid the contractor
Smith the balance claimed to be due upon the contract, and
took from him the following receipt :

" Rec'd of Mrs. Yates three hundred and ninety dollars,
in full for building house No. 48 Federal street, Troy.

" December 17, 1862.                    Daniel Smith."

At the time the receipt was executed, it was claimed by
the contractor Smith that the house was completed, and
Mrs. Yates acting upon that assumption paid the money.
Subsequent to that payment no work was done to the house
except the delivery of two pairs of blinds for cellar win-

dows, which were delivered on the 13th of February, 1863. On the 11th day of February, 1863, the appellant Thompson, as sub-contractor, filed in the clerk's office of the county of Rensselaer, a notice for the purpose of creating a mechanic's lien upon the house and lot, to secure the amount claimed by him for such work done and materials furnished, and on the second day of March, 1863, served upon Mrs. Yates a specification with a notice requiring her to appear in the county court of the county of Rensselaer and answer the same within thirty days, as required by the act of 1854. Whereupon a trial was had in said court, which resulted in a dismissal of the proceedings by the court, on the ground that Mrs. Yates had paid the contractor Smith in full before the lien was created, and a judgment was rendered in favor of the respondent for costs, from which judgment this appeal is taken.

R. A. PARMENTER, *for appellant.*
N. DAVENPORT, *for respondent.*

I. The claimant, David Thompson, acquired no lien upon the property in question by filing his notice on the 11th day of February, 1863.

(*a*) He was not authorized by the act (*Laws of N. Y.* 1854, *chap.* 402 ; *id.* 1858, *chap.* 204), to create a lien upon buildings erected or repaired, and the lands belonging to same. The only persons authorized by this act to create liens are contractors, sub-contractors, laborers and persons furnishing materials. The claimant in this case was neither. It was claimed for him upon the trial, that Mr. Courtney, the sub-contractor, acted as his agent, and a paper was offered and received in evidence under the objections of defendant to establish such agency, but it was not pretended that such agency, if one in fact existed, was disclosed or known to the defendant, and extremely doubtful that any such disclosure was ever made to the contractor.

That Mr. Courtney acted as principal, and not as agent of the claimant Thompson in this transaction, and was so treated and dealt with by the contractor Smith, was shown conclusively by the written contract entered into by Mr. Courtney and said contractor, and by the testimony of Mr. Courtney that he entered into the contract without any direction from or consultation with the claimant Thompson, and by his receipts given to the defendant for money paid upon the orders of the contractor.

The contract was entered into by Mr. Courtney in his own name as principal, and the power of attorney given by Thompson (a baker, and not engaged in the business of erecting or repairing buildings,) to Mr. Courtney, whether given for the purpose of screening the property and contract profits of Mr. Courtney from the claims of creditors, or for any other purpose, did not operate to extend the pretended agency created by that instrument to this contract, especially when such pretended agency was not disclosed to the defendant, and when it was more than doubtful that it was ever disclosed to the contractor. Furthermore this statute does not recognize principals, agents nor assignees, but the persons who actually supplied the labor or materials. It provides that actions may be brought by assignees, but recognizes no transfers until after the liens are created (§ 6). The power to create a lien is a personal right, conferred exclusively upon the person by whom the labor was performed or materials furnished (*Roberts* agt. *Fowler*, 3 *E. D. Smith*, 632).

(*b*) If the claimant Thompson had a right to create a lien, he did not serve or file his notice within the time required by the act for such purpose. Section two of this act provides that if the labor or materials furnished shall be upon the credit of any contractor, &c., the provisions of the act shall not oblige the owner to pay any greater sum for labor and materials, than the price stipulated by said contract. In this case the labor and materials were

furnished upon the credit of the contractor, and the contractor paid in full, according to the terms of the contract by the owner, this defendant on or before December 17, 1862, while the claimant's notice was not filed until February 11, 1863; the defendant therefore was not liable on the day the notice was filed in any amount to the sub-contractor, laborer, or person furnishing materials, and the claimant acquired no lien by filing his notice.

In the case of *Carman* agt. *McIncrow* (3 *Ker.* 72), it was decided by the court of appeals that an owner who had paid the contractor in full according to the terms of the contract, was not liable to a person furnishing materials, although such person had filed the necessary notice for acquiring a lien under the act of 1851, within the time required by the statute, but not until after the owner had paid the contractor in full. The portions of the corresponding sections of the acts of 1851 and 1854, relating to this point are as follows:

Act of 1851, section 1: "But the owner shall not be obliged to pay for or on account of such house, other buildings or appurtenances, in consideration of the liens authorized by this act to be created, any greater sum or amount than the price stipulated and agreed to be paid therefor in and by such contract."

Act of 1854, section 2: "The provisions of this act shall not oblige the owner to pay for or on account of any labor performed or materials furnished for such house, building or appurtenances, any greater sum or amount than the price stipulated and agreed to be paid therefor in and by said contract, except as in the next section provided."

The exceptions referred to in above section 2, and contained in section 3 of the act of 1854, do not apply to the case at bar, because the building in question was a new erection, and not one "altered or repaired."

The case above cited is decisive on this point, and, indeed, of the entire case. This view was taken by the

county judge upon the trial, and the proceeding dismissed
without examining or deciding the other points raised by
the defendant. But as other points were raised by the
defendant on the trial, it may be well to present them to
this court. Section 4 of said act provides that the con-
tractor and others, shall within thirty days after perform-
ance or completion of work, or final furnishing of materials,
serve the notice upon the town clerk, &c. In this case the
performance and completion of the work and final furnishing
of materials was on and before the 17th day of December,
1862, nearly sixty days before the notice was filed, except
the delivery of two pairs of blinds for cellar windows,
which was on the 13th of February, 1863, and two days
after the notice was filed. If the claimant therefore filed
his notice on the 11th day of February, for the purpose
of acquiring a lien for the work done and materials fur-
nished prior to that time, he filed it about twenty-eight
days too late, but if he filed it on that day for the purpose
of acquiring a lien for the entire work and materials fur-
nished, including the cellar blinds, he filed the notice two
days too soon (§ 4), no labor or materials having been fur-
nished between the said 17th of December and the said 13th
day of February. Mr. Courtney, the sub-contractor, testified
that he "finished the job on the 13th of February, 1863,
and surrendered it to Adams." If this statement be taken
as true, then certainly no lien was acquired by filing the
notice on the 11th day of February, 1863.

(c) If the claimant Thompson had a right to create a
lien, he did not serve his notice upon or file it with the
proper officer for such purpose. He served the notice upon
and filed it with the county clerk of Rensselaer county, and
not the town clerk, as required by section 4 of the act
(*Rafter* agt. *Sullivan*, 13 *Abbott*, 262).

II. But if the claimant in any way acquired a valid lien
upon the property by filing the notice on the 11th day of
February, 1863, the lien ceased and became inoperative on

the 11th day of February, 1864 (§ 20), and no act or pro-
ceeding on the part of the claimant continued or revived it.
This proceeding was commenced within the year, but the
commencement of the proceeding did not extend the lien.
A lien law passed in 1851 for the city and county of New
York, provided that a suit commenced within the year
should extend the lien until the recovery of judgment, but
there is no such provision in the act of 1854, under which
this proceeding was instituted.   If the claimant had recov-
ered a judgment within the year, it would not have extended
the lien, but the judgment would have become a new lien
upon the property, taking the place of the lien acquired
by the proceedings under this act.

III. The claimant's lien, if he had one, having expired
on the 11th day of February, 1864, nearly two months
before this case was tried, and no act or proceeding on his
part having operated to extend the lien, he was not at the
time of the trial entitled to any judgment.

(a) The statute under which this proceeding was insti-
tuted is a special and extraordinary one, made for the ben-
efit of a few persons, and must be construed strictly (Rob-
erts agt. Fowler, 3 E. D. Smith, 632).   It authorizes a sum-
mary proceeding to obtain a judgment and to enforce pay-
ment of claims due to contractors and laborers, and declares
the courts open at all times for the purpose of facilitating
the collection or enforcement of such claims (§ 6), and
claimants must take advantage of the facilities afforded
them, recover judgments and docket them during the life
of their liens, or lose their claims against the property.

(b) This statute authorizes the recovery of a judgment
and the docketing thereof within one year after the crea-
tion of the lien (§ 20).   There is no provision for judg-
ment after the expiration of the year, and that there is
none cannot be regarded as a defect, because one year is
ample time for a contractor or laborer to collect his claim
or to enforce it by judgment and execution.   The pro-

ceeding is summary, and the courts open at all times to aid him, and with little diligence he could not fail to obtain his judgment within the year, if entitled to it. No judgment having been recovered or docketed by the claimant in this case on or before the 11th day of February, 1864, he was not at the time of trial entitled to any against the property in question (*Freeman* agt. *Cram*, 3 *N. Y. R.* 305 *and* 309).

In the case above referred to, an action was brought by Freeman and Wait, the contractors, for the enforcement of a lien under the lien statute of 1844, and the question raised for the decision of the court of appeals was, whether the claimants had any subsisting lien under that statute, or whether it expired at the end of the year, and it was held by the court that it expired at the end of the year. The corresponding sections of the acts of 1844 and 1854, in relation to the duration of the liens, are as follows :

Act of 1844, section 3 : " The lien so created by this act shall take effect from such filing and such service of the said notice, and shall continue in full force for the space of one year thereafter," &c.

Act of 1854, section 20 : " Every lien created under the provisions of this act shall continue until the expiration of one year, unless sooner discharged by the court, or some legal act of the claimant in the proceedings," &c.

(*c*) The claimant at the time of the trial was not entitled to a judgment against the defendant. The statute authorized him to proceed against the property on which he had acquired a lien, but not against the defendant personally, and he had no right, and the court no power to grant him the right to so change the nature of the proceeding as to allow him to recover a personal judgment (*Sinclair* agt. *Fitch*, 3 *E. D. Smith*, 677).

If the claimant had any claim against the defendant, and that claim still exists, he must proceed in the ordinary way to enforce it. In any view of this case the claimant was not at the time of the trial of this action entitled to a

recovery, and as there was no question of fact for the jury to determine, it was the duty of the court to dismiss the proceedings, and the court having properly performed that duty, the judgment should be affirmed, and a new trial denied.

By the court, INGALLS, J. I think this cause was prop-erly disposed of by the county court, upon the ground assumed by that court. Mrs. Yates contracted solely with the contractor Smith, and by the terms of that contract she was *to pay when called upon as the work progressed*, and did pay from time to time to Smith, or upon his order, and on the 17th of December, 1862, upon the assumption that the work was completed, paid $390, which was claimed by Smith, and supposed by Mrs. Yates to be the balance due upon the contract, and took a receipt in full. No work was done to the house after that payment save the delivery of two pairs of blinds, which occurred on the 13th of Feb-ruary, 1863. It can hardly be successfully contended that the mere delay of the blinds for a period of about two months, prevented the parties (Yates and Smith) from con-sidering the contract completed. At all events, Mrs. Yates acted upon the assumption that the work was done, and paid her money accordingly, and in the absence of fraud or collusion on her part was entitled to protection, unless Thompson by his vigilance had acquired a valid lien upon the property prior to such payment. She paid pursuant to her contract, and to the only person with whom she had contracted. There was no privity of contract between Thompson and herself. She had never agreed to pay him a dollar, and he could only reach the money in her hands by force of a lien legally created previous to payment by her. It is the misfortune of Thompson that he proceeded with the work without taking the precaution to make Mrs. Yates by agreement liable to him, instead of depending upon Smith for compensation. It is the province of the

court to construe and enforce, but not make contracts for parties. The statute in relation to such liens (*Laws of 1854, p.* 1086, § 3), clearly contemplates the right of the owner to pay the contractor prior to the creation of a lien, provided there is no collusion between the owner and contractor with a view to defraud the sub-contractor. I fail to discover evidence of such collusion, which required the county court to submit that question to a jury, nor was there any other question upon which the jury should have passed. There was no error committed by the county court in the disposition of the cause, and the judgment should be affirmed with costs. As the question considered was the only one passed upon by the court below, I do not deem it advisable to discuss the other questions presented by the respondent.